UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:22-cv-07327-JLS-PD   Date: January 12, 2023
Title: Trevor Johnson v. Air Products and Chemicals, Inc. et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| V.R. Vallery | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                         Not Present

**PROCEEDINGS:** (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND (Doc. 11)

Before the Court is a Motion to Remand brought by Plaintiff Trevor Johnson. (Mot., Doc 11.) Defendant Air Products and Chemicals, Inc. ("Air Products") opposed, and Johnson replied. (Opp., Doc. 19; Reply, Doc 21.) The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing set for January 20, 2023 at 10:30 a.m. is VACATED. For the reasons given below, the Court DENIES Johnson's Motion.

## I.   BACKGROUND

Air Products employed Johnson as an hourly-paid, non-exempt employee from approximately May 2016 until on or about March 10, 2022 in Los Angeles County, California. (Compl., Doc. 1-2 ¶¶ 5-7.) Johnson alleges that Air Products and the fictitiously-named Doe Defendants 1-100 engaged in illegal wage practices. On August 11, 2022, Johnson filed a class action complaint in Los Angeles County Superior Court, asserting claims for: (1) Violation of Cal. Lab. Code §§1194 and 1197 (Unpaid Minimum Wages); (2) Violation of Cal. Lab. Code §§510, 1194 (Failure to Pay Overtime); (3) Violation of Cal. Lab. Code §§ 226.7 and 512 (Failure to Authorize or Permit Meal Periods); (4) Violation of Cal. Lab. Code § 226.7 (Failure to Authorize or Permit Rest Periods); (5) Violation of Cal. Lab. Code § 204 (Failure to Timely Pay Earned Wages

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-07327-JLS-PD					Date: January 12, 2023
Title: Trevor Johnson v. Air Products and Chemicals, Inc. et al

During Employment); (6) Violation of Cal. Lab. Code § 226 (Failure to Provide Complete and Accurate Wage Statements); (7) Violation of Cal. Lab. Code §§ 201, 202, and 203 (Failure to Pay Wages Timely Upon Separation of Employment); and (8) Violation of Cal. Bus. & Prof. Code §17200 *et seq*. (Unfair Business Practices). (Compl. ¶¶ 46-113.)  Johnson also requests attorneys' fees, where applicable.  (*Id.*)

Air Products removed the action to this Court on October 7, 2022, asserting that subject matter jurisdiction was appropriate under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  (Notice, Doc. 1.)  Johnson now moves to remand this action to Los Angeles County Superior Court, arguing that this Court does not have subject matter jurisdiction because the amount in controversy is insufficient under CAFA. (Mot. at 5.)

**II.	LEGAL STANDARD**

"[CAFA] vests federal courts with original diversity jurisdiction over class actions if: (1) the aggregate amount in controversy exceeds $5,000,000, (2) the proposed class consists of at least 100 class members, (3) the primary defendants are not States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief, and (4) any class member is a citizen of a state different from any defendant."  *Mortley v. Express Pipe & Supply Co.*, No. 17-1938, 2018 WL 708115, at *1 (C.D. Cal. Feb. 5, 2018) (citing *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007); 28 U.S.C. § 1332(d)).[1]  Here, only the amount in controversy is at issue.

"In determining the amount in controversy [under CAFA], courts first look to the complaint.  Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'"  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  Where damages are not explicitly pleaded or evident from the face of the complaint, and

---

[1] Moreover, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-07327-JLS-PD                    Date: January 12, 2023
Title: Trevor Johnson v. Air Products and Chemicals, Inc. et al

federal jurisdiction is questioned on that basis, "the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million." *Id.* As this Court described in *Mortley*, "[a] defendant's preponderance burden 'is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages.'" 2018 WL 708115, at *2 (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008)).

The Ninth Circuit has held that "CAFA's [amount-in-controversy] requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra*, 775 F.3d at 1198. Hence, beyond actual evidence, district courts may consider context and reasonable conjecture when evaluating a removal premised on CAFA jurisdiction.

### III. DISCUSSION

Here, the Complaint seeks no specific amount in damages and the amount in controversy is not apparent by looking at the Complaint's four corners; therefore, Air Products must prove by a preponderance of the evidence that the damages claimed exceed $5 million. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007), *overruled on other grounds*. A defendant may rely on: (1) the allegations in the pleadings, (2) factual statements in its removal notice and (3) summary-judgment-type evidence submitted in opposition to a remand motion. *See Yocupicio v. PAE Grp., LLC*, No. 14-8958, 2014 WL 7405445, at *2 (C.D. Cal. Dec. 29, 2014), *rev'd on other grounds*.

In its Notice of Removal, Air Products argues that the amount-in-controversy is met on the basis of Johnson's claims for failure to authorize or permit meal periods, his claim for failure to authorize or permit rest periods, his claim for failure to pay wages when due, and his request for attorneys' fees. (Notice at 11-18.) Johnson argues that the 100% violation rate Air Products applies is "unreasonable and unsupported." (Mot. at 10.) The Court will separately examine the amount placed in controversy by each claim upon which Air Products relies to establish the amount-in-controversy. Once the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-07327-JLS-PD  Date: January 12, 2023
Title: Trevor Johnson v. Air Products and Chemicals, Inc. et al

$5 million threshold is met, no further inquiry is necessary. *See Mortley*, 2018 WL 708115, at *5 (declining to assess additional claims after the $5 million CAFA threshold is met); *Alvarez v. Office Depot, Inc.*, No. 17-7220, 2017 WL 5952181, at *4 (C.D. Cal. Nov. 30, 2017) (same).

### A. Meal and Rest Break Premiums

Johnson claims that Air Products failed to provide legally-required meal and rest periods due to its policy of, inter alia, "[r]equiring Plaintiff and similarly situated employees to always remain with their trucks during their meal periods," and "[r]equiring Plaintiff and similarly situated employees to always remain with their trucks during rest periods." (Compl. ¶¶ 27, 33.) Air Products has submitted a declaration from Shanti Mony, its Payroll Supervisor, stating that between February 14, 2018 and September 13, 2022,[2] Air Products employed 162 individuals in driver positions.[3] (Mony Decl., Doc. 19-1 ¶¶ 1, 4.) These drivers collectively worked a total of 72,417 shifts where the recorded work hours were more than five hours and 78,466 shifts where the recorded work hours were at least three and a half hours. (*Id.* ¶ 5.) They were paid an average hourly rate of $37.58. (*Id.*)

"An employer shall not require an employee to work during a meal or rest or recovery period." Cal. Lab. Code § 226.7. Under Cal. Lab. Code § 512(a), "[a]n employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes." Additionally, "[e]mployees are entitled to 10 minutes' rest for shifts from three and one-half to six hours in length." *Brinker Rest. Corp. v. Superior Ct.*, 53 Cal. 4th 1004, 1029 (2012). "[D]uring rest periods employers must relieve employees of all duties and

---

[2] This time period encompasses "the alleged relevant period based on Plaintiffs' alleged four-year statute of limitations and alleged additional 178 days of tolling in light of the COVID-19 pandemic." (Notice ¶ 22.) On April 6, 2020, the California Judicial Council adopted Emergency Rule 9, which tolls statutes of limitations exceeding 180 days between April 6, 2020 and October 1, 2020. *See* Cal. Rules of Court, Emergency Rule 9. "Federal courts [sitting in diversity] must abide by a state's tolling rules, which are integrally related to statutes of limitations." *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011), *certified question answered*, 227 Ariz. 121, 254 P.3d 360 (2011). Johnson does not challenge this calculation of the relevant time period.

[3] These 162 drivers are only part of the class, which is comprised of 372 non-exempt, hourly employees. (Mony Decl. ¶ 4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-07327-JLS-PD                                                                    Date: January 12, 2023
Title: Trevor Johnson v. Air Products and Chemicals, Inc. et al

relinquish control over how employees spend their time." *Augustus v. ABM Sec. Servs., Inc.*, 2 Cal. 5th 257, 269 (2016), *as modified on denial of reh'g* (Mar. 15, 2017). Employers who fail to provide required meal and rest periods must pay the employee one hour of pay at the employee's regular rate of compensation for each workday where the employer did not provide a meal or rest period. Cal. Lab. Code § 226.7(c). Johnson has alleged that Air Products failed to provide these required meal and rest periods by, inter alia, "[r]equiring Plaintiff and similarly situated employees to *always* remain with their trucks" during meal and rest periods. (Compl. ¶¶ 27, 33 (emphasis added).)

    Based on the Complaint's allegation that Johnson and similarly-situated employees were required to always remain with their trucks during meal and rest periods, Air Products assumed a 100% violation rate for class members who were employed as drivers during the relevant period. By multiplying the number of shifts during the class period where drivers should have been given a meal or rest period by one hour of pay at the average wage of drivers during the period, Air Products argues that Johnson's meal period claim puts $2,721,430.86[4] in controversy, and his rest period claim puts $2,948,752.28[5] in controversy. (Notice at 13-14.) Together, these violations alone put $5,670,183.14 in controversy, exceeding the $5 million jurisdictional requirement, Air Products argues. (Opp. at 10.)

    Johnson argues that he has alleged a "pattern and practice" violation, and that assuming a 100% violation rate based on such allegations is unreasonable. *See Hayes v. Salt & Straw, LLC*, No. 20-3063, 2020 U.S. Dist. LEXIS 92475, *12-13 (C.D. Cal. May 27, 2020) (finding 100% violation unreasonable where plaintiff alleged a "pattern and practice" of violations, absent other evidence). It is true that "a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra*, 775 F.3d at 1197. However, while the Ninth Circuit has determined that "a 'pattern and practice' of doing something does not necessarily mean *always* doing something," *id.* at 1198-99, it has also made clear that "[i]n determining the amount in controversy, courts first look to the complaint." *Id.* at 1197. And here, while Johnson does allege in his Complaint that Air Products "employed policies, practices,

---

[4] 72,417 shifts x $37.58 one hour of pay = $2,721,430.86.
[5] 78,466 shifts x $37.58 one hour of pay = $2,948,752.28.

**CIVIL MINUTES – GENERAL**                                                                                                          5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-07327-JLS-PD	Date: January 12, 2023
Title: Trevor Johnson v. Air Products and Chemicals, Inc. et al

and/or procedures" resulting in failure to provide meal and rest periods, he also alleges that he and similarly-situated employees *always* had to remain with their trucks during such periods. (Compl. ¶¶ 27, 33.) This allegation supports a 100% violation rate. Indeed, it is difficult to interpret it otherwise. Because Air Products's assumption of a 100% violation rate as to these two claims is based directly on the allegations of the Complaint, it is reasonable, and Air Products has adequately shown that Johnson's claims put at least $5,670,183.14 in controversy.

### B. CAFA Threshold Met

As the $5 million threshold has been met by the meal and rest period violation claims alone, the Court will not examine the amount put in controversy by Johnson's six other claims and request for attorneys' fees.

### IV. CONCLUSION

For the foregoing reasons, the jurisdictional threshold is met, and Johnson's Motion is DENIED.

Initials of Deputy Clerk: vrv